Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★ ★ ★ ★



# MEMORANDUM OPINION

No. 04-11-00277-CV

## IN RE MEDLAW SERVICES, LLC

Original Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  April 27, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On April 14, 2011, relator filed a petition for writ of mandamus, complaining the probate court abused its discretion in ordering the production of the software owned by relator because it contains trade secret information.[2] In order for relator to be entitled to mandamus relief, it must establish the trial court clearly abused its discretion and relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

Texas Rule of Evidence 507 provides that "[a] person has a privilege, which may be claimed by the person or the person's agent or employee, to refuse to disclose and to prevent

---

[1] This proceeding arises out of Cause No. 2009-PC-2661, styled *In the Estate of Leo Block*, pending in the Probate Court No. 1, Bexar County, Texas, the Honorable Polly Jackson Spencer presiding.

[2] On April 1, 2011, the probate court entered an order requiring relator to produce the software and ordered that a protective order be entered with regard to the trade secret information.

other persons from disclosing a trade secret owned by the person, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice." TEX. R. EVID. 507. The Supreme Court in *In re Continental* outlined how Rule 507 should be applied as follows:

> First, the party resisting discovery must establish that the information is a trade secret. The burden then shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claims. If the requesting party meets this burden, the trial court should ordinarily compel disclosure of the information, subject to an appropriate protective order. In each circumstance, the trial court must weigh the degree of the requesting party's need for the information with the potential harm of disclosure to the resisting party.

*See In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 613 (Tex. 1998).

Relator complains the software sought to be produced contains trade secret information, and real party in interest Erma Block failed to establish the information is necessary for a fair adjudication of her claim or defense. However, relator presents no further argument as to how Block failed to meet her burden, and instead only provides an analysis as to why the information should be considered a trade secret.

The record reflects that Block argued to the trial court that production of the software is necessary because Block does not believe the software exists and instead claims that MedLaw Services, LLC is a sham and "never really did anything." Block sought in her motion to compel various documents from MedLaw, including the software, on the basis that if MedLaw is actually a business then it should have documents supporting its operations. Relator provides no specific argument as to why Block's argument was not sufficient to meet her burden or why the software is not necessary for a fair adjudication of Block's claims. We must assume from the probate court's order that the court impliedly found Block met her burden to show that the information is necessary for a fair adjudication of her claims. *See In re Cont'l*, 979 S.W.2d at

613. Without any argument as to why the probate court erred in impliedly making the finding that Block met her burden, we cannot conclude the probate court clearly abused its discretion in compelling the production of the software with an appropriate protective order. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM